United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DERRICK DWAYNE SCOTT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant.<br>_____ / | No. 1:13-CV-03521 NJV<br><br>ORDER RE MOTION<br>TO DISMISS<br><br>(Doc. No. 14) |

## INTRODUCTION

Derrick Dwayne Scott seeks judicial review of an administrative law judge ("ALJ") decision denying his claim for benefits under Title XVI of the Social Security Act. Scott's request for review was denied by the Appeals Council. (Weigel Decl. ¶ 3(a)). The decision thus became the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. § 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Docs. 5, 11.) The Court may therefore decide the motion to dismiss now pending before it. *See* 28 U.S.C. § 636(c).

For the reasons stated below, the Court will deny Defendant's motion to dismiss and order Defendant to file an answer.

//

//

//

## PROCEDURAL HISTORY

On October 26, 2011, an ALJ issued a decision denying Plaintiff's claim for benefits under Title XVI, and mailed a copy of the decision to Plaintiff. (Weigel Decl., Exh. 1.) Plaintiff requested review of the decision. On February 22, 2013, the Appeals Counsel sent, by mail, both Plaintiff and his counsel notice of its action on Plaintiff's request for review and of the right to commence a civil action within sixty days from the date of receipt. (Weigel Decl., Exh. 2.)

On April 19, 2013, Plaintiff requested an extension of time to file a civil action, as specified in the notice of action and in section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) and in section 422.10 of Social Security Administration Regulations no. 22 (20 C.F.R. 422.210) (Weigel Decl., Exh. 3.) On May 2, 2013, the Appeals Counsel granted Plaintiff's request and extended the time within which Plaintiff could file a civil action by 30 days from the date of receipt of the letter. (Weigel Decl., Exh. 4.)

Plaintiff filed the complaint in this action on July 30, 2013. (Doc. 1.) Defendant filed the present motion to dismiss on March 6, 2014. (Doc. 14.) Plaintiff filed his response to the motion on March 7, 2014. (Doc. 17.)

## DISCUSSION

Defendant moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint was untimely filed. Defendant argues that under the extension of time granted by the Appeals Counsel, the deadline for filing the present action was June 6, 2013. Plaintiff filed this action some 46 days later, on July 30, 2014.

Judicial review of final decisions on claims arising under Title XVI of the Social Security Act is provided by 42 U.S.C. § 1383(c)(3), which incorporates § 405(g) and (h). The exclusive remedy provided by § 405(g) is as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . . .
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such a hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided.

2

42 U.S.C. § 405(g).

The Commissioner has interpreted "mailing" to mean the date of receipt by the claimant. *See* 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date of such a notice, "unless there is a reasonable showing to the contrary." *Id.*

In opposition to Defendant's motion to dismiss, Plaintiff argues that his complaint was timely filed. Plaintiff presents the declaration of his counsel, who states under penalty as follows:

> 1. On June 21, 2013, a letter dated May 2, 2013, from the Appeals Counsel extending time within which to file a civil action (Exhibit 1) was received at my office. The envelope was postmarked June 18, 2013. (Exhibit 2) It was handled during the ordinary processing of mail. It was date stamped June 21, 2013. The second page of the notice had apparently been partially ripped upon being handled at some time before it was received at my office. There was a stamp on the back of the second page saying, "Received ODAR May 20, 2013, Mail and Messenger Branch." (Exhibit 3) The envelope in which the letter was contained was postmarked from the ODAR in Falls Church on May 3, 2013. (Exhibit 4) There was also a yellow sticker attached to the front of the envelope indicating that it had been returned to the sender, that delivery was attempted, and it was unable to be forwarded. The date on the sticker was May 12, 2013. (Exhibit 4)
>
> 2. Based upon the date the notice was received in my office, the date for filing a civil action was calendared for July 18, 2013.
>
> 3. The complaint in this matter was sent in hard copy to the United States District Court Northern District of California, San Francisco, California, on July 15, by Fed Ex Priority Overnight. (Exhibit 5) The scheduled delivery date was July 17, 2013. (Exhibit 5)

(Collins Declaration, p. 1:20-2:10).

Defendant has not filed a response to Plaintiff's opposition to the motion to dismiss. The Court finds therefore, pursuant to the uncontested declaration of Plaintiff's counsel, that for the purposes of 20 C.F.R. § 422.210(c), the date of receipt of the notice dated May 2, 2013, was June 21, 2013. The notice extended the time for filing a civil action by thirty days. Accordingly, the deadline for filing this civil action was July 22, 2013. *See* Federal Rule of Civil Procedure 6(a)(C). Plaintiff has provided the court with evidence that on July 15, 2013, the complaint was sent by FedEx Priority Overnight to the Court in San Francisco, with a scheduled delivery date of July 17, 2013. (Collins Decl., Exh. E.) The Court finds that the subsequent failure to docket the complaint by July 22, 2013, was due to less than optimal performance by either FedEx or the Clerk's Office of this Court. Accordingly, the court deems Plaintiff's complaint timely filed.

//

3

1   Based on the foregoing, IT IS HEREBY ORDERED as follows:

2   1.   The motion to dismiss is HEREBY DENIED;

3   2.   Defendant shall file an answer within thirty (30) days of the date of this order.

Dated: May 14, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge